Newman, J.
The relator on the 9th day of October, 1915, was drug inspector of the dairy and food department of the board of agriculture of Ohio, which position was and is in the classified civil service of the sítate. On that date the secretary of the board of agriculture furnished relator with an excerpt from the minutes of the board, of which the following is a copy: “Moved by Mr. Williamson, seconded by Mr. Myers, that the report of the committee be adopted and that Mark Kidd be appointed as drug inspector and Mr. William L. B. Brittain be dropped. Upon roll-call all members voted yes.”
It is urged by counsel for the defendant in error that the relator is asking the court to control the action of the defendant in error in removing him, an act which involved the exercise of its discretion and judgment. We do not understand that this is the *282 position taken by the relator. In his second amended petition he proceeds upon the theory that he was never legally removed from his position, that he is still an incumbent, that defendant in error has refused to recognize him as such and to assign to him the duties of the position, and he asks that a writ of mandamus issue ordering the defendant in error to recognize him as the lawful incumbent, to assign to him the duties of the position, to permit him to perform and exercise the powers, duties and functions of said position, and that the board be required to issue the necessary orders or warrants for his compensation.
The question then for determination is, Was there a legal removal of the relator from the position which he held? It becomes necessary therefore to examine the provisions of Section 486-17a, General Code (106 O. L., 412), which relate to the tenure of office and removals in the civil service of the state and are as follows:
“The tenure of every officer, employ [employe] or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions' of this act, shall be during good behavior and efficient service; but any such officer, employe or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.
*283 “In all cases of removal the appointing authority shall furnish such employe or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employe or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employe Or subordinate shall be filed with the commission. Any such employe or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in 'which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission’s decision shall be final; provided, however, that in the case 'of the removal of a chief of police or chief of,the fire department of a municipality an appeal may be had from the decision of the municipal commission to the court of common pleas of the county in which such municipality is situated to determine the suf-_ ficiency' of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission.”
The purpose of the civil service law is to continue in positions those who are efficient, faithful and trustworthy. By force of the provisions of the section we have quoted the relator was entitled to hold his position during good behavior and efficient service. The defendant in error could remove him, but *284 there was a limitation on the power to remove. There must have existed one or more of the grounds enumerated in the statute before an order of removal could be made, and, then, the process for removal as therein prescribed must have been followed.
It is provided that “in all cases of removal the appointing authority shall furnish such employe or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employe or subordinate a reasonable-time in which to make and file an explanation.” ' The order of removal, a copy of which was served on the relator, recited that he had been “dropped” as drug inspector. No reason whatever for the order accompanied the same. No charge of delinquency was brought to his attention. He did not know upon which of the statutory grounds the order of removal was based. The law certainly contemplates that the employe.is to be advised of the charge against him in terms sufficiently explicit to enable him, if he sees fit, to make and file an explanation. It is further provided that “Such order with the explanation, if any, of the employe or subordinate shall be filed with the commission.” This is mandatory upon the appointing authority. An employe “so removed” — that is, one who has been removed upon one of the grounds set out in the statute, and to whom has been furnished a copy of the order and the reasons therefor, that he may make and file an explanation with the appointing authority if he sees fit, and, as we view it, afford the appointing authority an opportunity to reconsider the order if the *285 explanation warrants it — may appeal to the state or municipal commission within ten days from and after the date of removal. After notice to the appointing authority the commission shall hear or appoint a trial board to hear such appeal within the time fixed by the statute, and may affirm, disaffirm or modify the judgment of the appointing authority.
It is said by counsel for tifie defendant in error that if the reasons for removal are in any way jurisdictional to an appeal then the state commission upon an appeal would be limited to a hearing and determination of the reasons which move an appointing authority to dismiss an employe from his position. We are of the opinion that the commission is, in the hearing of the appeal, confined to a consideration and determination of the truth of the charge or charges of delinquency upon which the order of removal is based and of which the employe has been advised.
The state commission under the provisions of the statute is not the removing authority. It is to hear the appeal and is to “affirm, disaffirm or modify the judgment of the appointing authority.” It is to determine whether the judgment of the appointing authority in removing the employe upon the charge set out in the order is correct, that is, whether the statutory ground upon which the order is based in fact exists. To hold that the state commission can affirm the judgment of the appointing authority, and assign as a reason therefor the existence of a statutory ground for removal other than that which the employe is given opportunity to explain, would be giving to the commission a power which is ex *286 pressly conferred upon the appointing authority. We do not think it was contemplated that an order of removal can be made by the appointing authority, based upon a statutory ground, and, after the case is appealed and. it appears that such ground did not exist, that then the state commission can affirm the order of removal upon a ground not theretofore brought to the attention of the employe.
The court of appeals in sustaining the demurrer of the defendant in error held that the so-called order of removal was so far final and complete as to entitle the relator to prosecute an appeal to the state civil service commission, and that mandamus therefore did not lie.
In the case of Hornberger, Director of Public Safety, v. State, ex rel. Fischer, ante, 148, certain provisions of the civil service law passed April 28, 1913 (103 O. L., 698), were before the court for consideration. One of the provisions of that act which was pertinent to the inquiry was that in case an employe was discharged, whether appointed for a definite term or otherwise, the appointing officer was required to furnish the person discharged a copy of the order of discharge and the reasons therefor and afford him a reasonable time within which to make and file'an explanation. In that case the relator had brought a proceeding in mandamus to compel the appointing power to reinstate him. In the opinion it is said: “It is urged that relator should have filed his explanation with the civil service commission when he received notice of his discharge and a statement of the reasons therefor, and having failed to avail himself of the remedy thus provided he can *287 not secure redress by a proceeding in mandamus. But there was nothing for the relator to explain. His discharge was not ordered because of any failure, misconduct or delinquency on his part. No charge was made against him, consequently there was nothing for the civil service commission to consider or determine. The only reason stated for relator’s discharge was that an eligible list was available, and the attempted discharge raised only the question as to the correctness of* the interpretation of the law upon which the action of the director of public service was based. No answer or explanation which the- relator could have filed would have authorized the civil service commission to determine that question. The law does not require the doing of a vain and useless thing.”
The language used in that case is in point here: “No charge was made against him, consequently there was nothing for the civil service commission to consider or determine.” We cannot, therefore, concur in the view of the court of appeals that the order was so far final as to entitle the relator to prosecute an appeal.
The relator was denied his right to appeal because the appointing authority did not furnish him any reasons for his discharge at the time the order of removal was served upon him. This failure on the part of the appointing authority to comply with this mandatory provision of the law was fatal to the order of removal and we hold that the same was a nullity.
The order of removal in the instant case, according to the contention of defendant in error, was ef *288 fective on October 9, 1915. An appeal to the state commission can be made only if taken within ten days. So that what was done on December 11, 1915, the sending of a letter to the state commission, written by certain officers of the board of agriculture, and the furnishing of a copy of this letter to the relator on January 6, 1916, are unimportant and immaterial. This seeming attempt to comply with the statute, two months after the order of removal was made, could not validate the action of the board taken on October 9th.
For the reasons we have given the court of appeals should have overruled the demurrer to the second amended petition. The judgment is reversed and the cause is remanded to the court of appeals for further proceedings according to law.

Judgment reversed.

Nichols,C- J-, Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.